

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 4, 1960

The Honorable K. L. Berry
Major General
The Adjutant General of Texas
Austin, Texas

Opinion No. WW-836

Re: Can a Commissioners Court
and the Council or Com-
mission of a city or town
appropriate money to pay the
necessary expenses of the
administrative units of the
National Guard and the Texas
State Guard Reserve Corps lo-
cated in their respective
counties or in or near their
respective cities or towns,
under the provisions of Ar-
ticles 5885 and 5819c, Ver-
non's Civil Statutes.

Dear General Berry:

By your opinion request of March 14, 1960, you ask
the following questions:

"1. Can a Commissioners Court and the
Council or Commission of a city or town in
this State appropriate money to pay the neces-
sary expenses of the administrative units of
the National Guard of this State located in
their respective counties or in or near their
respective cities or towns, under the provisions
of Article 5885 of the Revised Civil Statutes
of the State of Texas? If the answer to the
above question is in the negative, can such ap-
propriations be legally made under any other
laws of the State of Texas?

"2. Can a Commissioners Court and the Coun-
cil or Commission of a city or town in this State

appropriate money to pay the necessary expenses of the administrative units of the Texas State Guard Reserve Corps located in their respective counties, or in or near their respective cities or towns under the provisions of Article 5891c, of the Revised Civil Statutes of the State of Texas? If the answer to the above question number 2 is in the negative, can such appropriation be made under any other laws of the State of Texas?"

Article 5885, Vernon's Civil Statutes, which follows, provides that:

"Each Commissioners' Court and the Council or Commission of each City or Town in this State is hereby authorized in their discretion, to appropriate a sufficient sum, not otherwise appropriated, to pay the necessary expenses of the administrative units of the National Guard of this State located in their respective Counties and in or near their respective Cities or Towns, not to exceed the sum of One Hundred ($100.00) Dollars per month for such expenses from any one such Court, Council or Commission for any one organization; and in addition, in behalf of their respective Counties, Cities or Towns, to donate, either in fee simple or otherwise, to the Texas National Guard Armory Board, or to any one or more of said units for conveyance to said Board, one or more tracts of land as sites upon which to construct Armories and other buildings suitable for use by such units; and any and all such donations heretofore made to said Board are hereby validated and any such donation heretofore made to any such administrative unit, either as a corporation or otherwise, and conveyed or to be conveyed to said Board, is hereby validated."

Under the above quoted provisions, the Commissioners' Court of a county and the Council or Commission of a city or town are legally authorized to pay, within the limits prescribed, the necessary expenses of the administrative units of the Texas National Guard.

Section 5(a), Article 5891c, provides that:

"The Commissioners Court of each county and the Council or Commission of each city

or town in this State is hereby authorized,
in the discretion of each, to appropriate a
sufficient sum not to exceed One Hundred Dol-
lars ($100) per month, not otherwise appropria-
ted, to assist in paying the necessary expenses
for the administration of any unit of the Texas
State Guard Reserve Corps located in their re-
spective counties and in or near their respec-
tive cities or towns; and any and all such
donations heretofore made by any Commissioners
Court or any Council or Commission of any city
or town to any such unit or units of the Texas
State Guard Reserve Corps, is hereby validated."

Under the above quoted provisions, the Commissioners'
Court of each county and the Council or Commission of each
city or town are legally authorized to pay, within the limits
prescribed, the necessary expenses of the administrative units
of the Texas State Guard Reserve Corps.

By your letter, you state that in one city payments
have been placed in abeyance because of the doubted constitu-
tionality of these statutes in view of Section 52 of Article
III of the Texas Constitution which provides:

"Sec. 52. The Legislature shall have no
power to authorize any county, city, town or
other political subdivision of the State to
lend its credit or to grant money or thing of
value in aid of, or to any individual, associa-
tion or corporation whatsoever . . ."

We have examined these statutes with relation to the
Constitution and other legislation, and we are of the opinion
that the said statutes are constitutional. The National Guard
and the State Guard Reserve Corps are arms of the State and
were created for the public generally.

In King v. Sheppard, 157 S.W.2d 682 (Civ.App. 1941,
writ ref., w.o.m.), the holding of the Court was that the
State is not an individual, association or corporation within
the meaning of Section 52 of Article III.

We, therefore, respectfully advise you that your ques-
tions are to be answered in the affirmative.

## SUMMARY

Under Articles 5885 and 5891c, Vernon's
Civil Statutes, the Commissioners' Court
of each county and the Council or Commis-
sion of each city or town are legally
authorized to pay the necessary expenses
of the administrative units of the Texas
National Guard and the Texas State Guard
Reserve Corps.

Yours very truly,

WILL WILSON
Attorney General of Texas

By William H. Pool, Jr.
Assistant

WHPjr:ms:mfh

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Richard Wells
Marvin H. Brown, Jr.
Leon F. Pesek

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore